# EOD

06/04/2007

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SHEREE ANN BUSH, | § | Case No. 06-41030 |
| | § | (Chapter 13) |
| Debtor. | § | |
| | § | |
| | § | |
| SHEREE ANN BUSH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 07-4091 |
| | § | |
| BAYVIEW LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## REQUEST FOR TEMPORARY RESTRAINING ORDER

Sheree Ann Bush (the "Debtor") initiated this adversary proceeding against Bayview Loan Servicing, LLC ("Bayview") by filing a COMPLAINT FOR DECLARATORY JUDGMENT AND APPLICATION FOR INJUNCTIVE RELIEF (the "Complaint") and a REQUEST FOR EMERGENCY HEARING on May 31, 2007. In the Complaint, the Debtor seeks, among other things, an order restraining Bayview from proceeding with the foreclosure sale of the residential real property located at 2445 Marble Canyon, Little Elm, Denton County, Texas (the "Property"). The foreclosure sale is scheduled to occur on June 5, 2007.

This matter is before the Court following a hearing on June 4, 2007. At the hearing, the Debtor sought to establish that Bayview should be enjoined from proceeding with the foreclosure sale of the Property because the loan documents that purport to require her to pay mortgage insurance premiums of $574.00 per month were forged. The

Debtor asserted that the Note and Deed of Trust she executed in connection with the purchase of the Property do not mention or require her to pay for mortgage insurance.

Federal Rule 65, as adopted and applied to adversary cases by Bankruptcy Rule 7065, sets forth the procedural parameters for invoking injunctive relief while simultaneously guarding against abuse of the injunction remedy.   When determining whether to grant a preliminary injunction, the Fifth Circuit requires courts to determine whether:

(1) The movant has a substantial likelihood of success on the merits;
(2) The movant will suffer irreparable injury if the preliminary injunction is not granted;
(3) That threatened injury to the movant outweighs the harm to the opposing party if the preliminary injunction is granted; and
(4) The preliminary injunction is in the public interest.

*See, e.g., Hull v. Quitman County Bd. of Educ.*, 1 F.3d 1450, 1453 (5th Cir. 1993).   The party moving for injunctive relief has the burden of persuasion.   *See, e.g., Cherokee Pump & Equip., Inc. v. Aurora Pump, 38* F.3d 246, 249 (5th Cir. 1994).   The Fifth Circuit requires that all four criteria must be met on the grounds that "[a] preliminary injunction is an extraordinary remedy [which] should only be granted if the movant has clearly carried the burden of persuasion on all four … factors."   *Mississippi Power & Light v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985).

Here, in light of the fact that the Property is the Debtor's homestead, the Debtor established the potential for irreparable injury if the foreclosure sale is allowed to go forward.   However, the Debtor failed to establish a substantial likelihood of success on the merits.   Although the Debtor now alleges that she did not sign the Uniform Residential Loan Application and that the signature on the document – which purports to require the payment of mortgage insurance – constitutes a forgery, the Debtor's Schedule

J – Current Expenditures of Individual Debtors listed a monthly mortgage payment to Bayview in the total amount of $1,893.21.  This sum included $1,174.44 in monthly principal payments on the Note as well as, among other things, monthly payments of $574.00 for mortgage insurance.  In addition, the Debtor previously entered into an agreement requiring her make monthly payments to Bayview in the total amount of $1,893.21, and the Court entered the proposed agreed order on November 28, 2006.  It is the Debtor's failure to comply with the terms of the November 28th agreed order that triggered the pending foreclosure sale of her home.

**IT IS THEREFORE ORDERED** that the Debtor's request for a temporary restraining order shall be, and it is hereby, **DENIED.**

Signed on 6/4/2007

*Brenda T. Rhoades*   SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

3